On writ of certiorari (336 U. S. 965) to review a judgment of tbe Court of Claims holding the plaintiff, owner of the Maitland No. 1, a car ferry operating on the Great Lakes, requisitioned by the Government in 1942, was entitled to recover just compensation on the basis of a valuation of $161,833.12, against which the defendant was entitled to a credit of $54,375 paid on June 10,1944, and that plaintiff was further entitled to recover as compensation interest at 4 percent per annum for delay in payment on $161,833.72 from August 20, 1942, to June 10, 1944, and on $107,458.72 from June 10, 1944, to date, under the Merchant Marine Act of 1936, as amended.
The judgment of the Court of Claims was reversed December 12, 1949, and the cause remanded for further proceedings in the light of the opinion of the Supreme Court.
The opinion of the Supreme Court was delivered by Mr. Justice Clark.
The syllabus of the Supreme Court is as follows:
Under authority of § 902 of the Merchant Marine Act of 1936, as amended, the United States requisitioned respondent’s fresh-water car ferry on Lake Erie. The vessel was built in 1916; was in service on Lake Erie from that year until 1932; and, except for a 2-year charter period, was idle from 1932 until requisitioned in 1942, In determining the amount of just compensation required *836 by the Fifth Amendment to be paid respondent, the Court of Claims, absent evidence of “market value,” relied upon the earnings of the vessel from 1916 to 1982 and upon the “demand” for such a vessel for use between Florida and Cuba. Held:.
1. On the record in this case, the Court of Claims erred in relying on the vessel’s 1916-1932 earnings.
(a) Where, as here, it is impossible to determine “market value” as a basis for just compensation, other measures of value may be relevant.
(b) Past earnings are significant in assessing value only when they tend to reflect future returns.
(c) On the record, the vessel’s 1916-1932 earnings were without relevance on the issue of its capacity to earn after 1942, on the Great Lakes or elsewhere.
2. On the record in this case, the Court of Claims erred in according weight to Florida values.
(a)To justify consideration of Florida values, the burden was. on the respondent to show that it was likely that a prospective Florida buyer would have investi-f^ated the Great Lakes market and considered a vessel ike respondent’s moored to its Ohio dock; or that the ordinary Great Lakes owner would have taken the trouble and expense to send a vessel to Florida for a possible sale; or that either of these possibilities would have had an effect on price had respondent’s vessel been sold on the Great Lakes.
(b)The question in such cases is what the ordinary businessman in the trade would have done, not what the owner would have done.
(c)Respondent’s burden of proof was not met by a bare record of five sales, three of which were to the United States, and but one on the Great Lakes for Florida use — and that after the war’s end.
(d)A finding by the Court of Claims that there were probabilities of sale in Florida in 1942 sufficient to warrant consideration of demand there in fixing the value of respondent’s vessel, on substantial evidence not now before this Court, is not foreclosed; but the Court of Claims is not bound to accept any geographic price range at full value.
Mr. Justice Douglas took no part in the consideration or decision of this case.
Mr. Justice Frankfurter filed a concurring opinion.